The W. I. Clark Company vs. Nick Cena.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued October 11th—decided November 8th, 1933.

*John T. Monzani,* for the appellant (defendant).

*Henry Rabinowitz,* for the appellee (plaintiff).

Per Curiam. It is somewhat difficult from the record and briefs in this case to ascertain the questions of law really at issue between the parties. The complaint was in the form of the common counts with a bill of particulars alleging an indebtedness of $769.88 less credits amounting to $24.83, leaving a balance due of $745.05. The trial court gave judgment for the amount claimed. The bill of particulars included certain undisputed items, the amount of a protested note, and certain charges for goods sold on or before May 27th, 1932, which were subject to the credits allowed, also agreed upon; and an item for an Alemite gun furnished by the plaintiff to the defendant, the charge for which is not questioned upon the appeal. It also included the rental of a grader for the month of August and a part of the month of September and upon facts found and not attacked this rental was clearly due the plaintiff. The bill of particulars also included

certain charges for labor and materials for its repair. In a so-called counterclaim the defendant alleged that he had been put to expense by reason of the breaking down of the grader to the amount of $643.50, "so that with the allowances of credit appearing on the hereinbefore mentioned bill of particulars, the defendant is only indebted to the plaintiff in the amount of $101.55." Aside from such admission as is made in this pleading of the items charged in the bill of particulars, the right of the plaintiff to make the charges for labor and material furnished in repairing the grader and the right of the defendant to make the counter charges seem to be the particular matters in issue. The claim of the defendant apparently is that by reason of a provision in the rental agreement giving him an option to purchase the grader, there was an implied warranty under § 4635 of the General Statutes that it should be reasonably fit for the purpose for which it was delivered to the defendant. However that may be, there is no finding that the grader was not reasonably fit to do the work for which it was rented or that the difficulty with it which caused the plaintiff to furnish material and labor for its repair and the defendant, as he claimed, to suffer loss because of its breaking down, was due to any fact which would constitute a breach of such a warranty, and we are not requested in any proper manner to add such facts to the finding. Upon the record, the finding of the trial court that the plaintiff was entitled to recover its charges for the material and labor and that the defendant was not entitled to recover his claimed losses under his counterclaim must stand. The only remaining item in the bill of particulars is a charge made for transporting the grader from the place where the defendant had been using it to the plaintiff's yard. The written agreement provided that the defendant should

pay this charge and there is nothing in the facts found, or indeed in the evidence, upon which to base a claim of error in the action of the trial court in including the item in the amount the plaintiff was found entitled to recover.

There is no error.